STATE of Minnesota, Respondent,

v.

Rick Allen ROCHEFORT, Appellant.

No. C2–00–148.

Court of Appeals of Minnesota.

Dec. 5, 2000.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, and Brian Roverud, Faribault County Attorney, Blue Earth, for respondent.

Lawrence W. Pry, Deputy State Public Defender, Marie Wolf, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge, HARTEN, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Rick Allen Rochefort challenges his conviction of first-degree manufacturing, possession, and sale of methamphetamines, arguing that the warrant authorizing the police search that led to the discovery of methamphetamines in his home was not supported by sufficient probable cause. We agree and reverse.

## FACTS

On March 1, 1999, Robert Toland, a Faribault County Sheriff's Deputy assigned to the South Central Drug Investigative Unit, submitted an affidavit in support of his application for a warrant to search appellant's residence in Winnebago. The affidavit contained the following information:

On January 17, 1998, police stopped Curt Rathie's vehicle and arrested him for possessing methamphetamines. A passenger in Rathie's car fled on foot and was not found that day. The arresting officer identified appellant as the passenger who fled. Two confidential reliable informants (CRIs) also identified appellant as the passenger and claimed that he had fled with one ounce of methamphetamines.

After this incident, police began investigating appellant for manufacturing, possessing, or selling methamphetamines. They discovered that appellant and Rathie spent time at Lowell Willard's residence in 1998. A CRI told them that methamphetamines were being manufactured at Willard's residence. Police executed a search warrant on Willard's residence and discovered a trace amount of methamphetamines.

On January 14, 1999, appellant purchased four ounces of iodine crystals and a flask. During the sale, appellant provided identification listing his home address in Winnebago. The Drug Enforcement Agency (DEA) tracked this purchase because iodine crystals are ingredients known to be used in the production of methamphetamines. Appellant also made another iodine crystal purchase in January.

On February 19, 1999, police tape-recorded a telephone conversation between Monty Gardner, who was in a North Dakota jail, and an unwitting informant in Winnebago. Gardner had been arrested with a portable lab, and police believed that he taught Rathie and appellant how to manufacture methamphetamines. Gardner asked the informant about "Rick," and the informant stated that "Rick" was "running around telling everybody" and "blabbing big time about everything." The informant went on to say that

"Rick" blew up his basement "doing what he was doing." The informant said that everyone was being good except "Rick." Gardner responded that others should learn from his experience. Based on this information, the district court issued a warrant allowing police to search appellant's home for evidence of drugs.

At a contested omnibus hearing, appellant moved to suppress the evidence found in his home, contending that the affidavit accompanying the warrant application did not provide sufficient probable cause to support issuance of the warrant. The trial court denied appellant's motion. A jury found appellant guilty of first-degree manufacturing, possessing, and selling a controlled substance under Minn.Stat. § 152.021, subds. 1(a), 2(1), 2a (1998).

## ISSUE

Did the trial court err in concluding that the affidavit provided sufficient probable cause to support issuance of a search warrant?

## ANALYSIS

■ The United States and the Minnesota constitutions provide that warrants must be supported by probable cause. *See* U.S. Const. amend. IV; Minn. Const. Art. I, § 10; *State v. Bradford,* 618 N.W.2d 782 (Minn. 2000). Appellate courts give great deference to the factual findings of the court issuing a warrant and will reverse "only if clearly erroneous." *Bradford,* 618 N.W.2d 782 (citation omitted). An appellate court reviews a probable cause determination de novo and analyzes whether "there was a substantial basis to conclude that probable cause existed." *Id.* (citation omitted).

■ A search warrant may be issued if, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Zanter,* 535 N.W.2d 624, 633 (Minn.1995) (quotation omitted). In reviewing the suffi-ciency of an affidavit under the totality of the circumstances test, courts must be careful to avoid reviewing each component of the affidavit in isolation. *State v. Albrecht,* 465 N.W.2d 107, 109 (Minn.App. 1991). Further, doubtful or marginal cases should be largely determined by the deference to be accorded to warrants. *State v. McCloskey,* 453 N.W.2d 700, 704 (Minn.1990).

■ In determining whether probable cause existed, however, the issuing court and reviewing court may only consider the information presented in the affidavit offered in support of the search warrant application. *State v. Kahn,* 555 N.W.2d 15, 18 (Minn.App.1996). Here, the affidavit contains no information about the confidential informants. There is no indication that the informants were first-time citizen informants whose credibility is presumed or other persons whose information had previously proved reliable. *See State v. Ward,* 580 N.W.2d 67, 71 (Minn.App.1998) (information provided by informant can support finding of probable cause if informant is first-time citizen informant whose credibility is presumed or informant whose information has previously proved reliable). Therefore, we cannot simply presume that the informants' information is credible. *See State v. Maldonado,* 322 N.W.2d 349, 351 (Minn.1982).

■ While the factors of reliability and basis of knowledge are relevant considerations in a totality of the circumstances analysis, a deficiency in one can be compensated for by a strong showing on the other, or by some other indicia of reliability. *Illinois v. Gates,* 462 U.S. 213, 233, 103 S.Ct. 2317, 2339, 76 L.Ed.2d 527 (1983); *see also State v. Eling,* 355 N.W.2d 286, 291 (Minn.1984) (fact that informant's reliability is unknown is not fatal to determination of probable cause if corroborating evidence exists). An informant's reliability and the reliability of the information provided may be established by police corroboration. *McCloskey,* 453 N.W.2d at 704. "The independent corroboration of even

innocent details of an informant's tip may support a finding of probable cause." *State v. Munson,* 594 N.W.2d 128, 136 (Minn.1999) (citation omitted).

In this case, the record contains no corroborative evidence to demonstrate that the informants were reliable, save for the stale information of appellant's prior association with suspected drug activity. *See State v. Souto,* 578 N.W.2d 744, 750 (Minn. 1998) (information in search warrant stale when "it had been over six months since [defendant's] reported purchase of less than an ounce of methamphetamine and since the last reported drug party. Approximately ten months had transpired since the attempted delivery of the package containing a controlled substance, and the attempted delivery was to a location other than the one to be searched.") The state argues that this prior association was also supported by the additional information that appellants had purchased a chemical known for use in the production of methamphetamines. We conclude that this evidence, without more, does not provide sufficient information to establish probable cause where the veracity and credibility of the three informants are not established. Thus, the district court erred in finding that there was probable cause to issue the search warrant.

### DECISION

Because the affidavit in support of the search warrant fails to establish the reliability of the confidential informants, corroboration of informants, or any link between appellant and any recent drug activity, it does not provide sufficient probable cause to support issuance of the warrant. All evidence obtained from appellant's residence must therefore be suppressed; because that evidence provided the sole basis for appellant's conviction, the conviction must be reversed.

**Reversed.**