**STATE of Minnesota, Petitioner, Appellant,**

v.

**Rick Allen ROCHEFORT, Respondent.**

**No. C2–00–148.**

Supreme Court of Minnesota.

July 19, 2001.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Asst. Attorney General, St. Paul, Brian Roverud, Faribault County Attorney, Blue Earth, MN, for appellant.

John M. Stuart, State Public Defender, Marie Wolf, Asst. State Public Defender, Minneapolis, MN, for respondent.

## OPINION

LANCASTER, Justice.

We granted review in this case to address a narrow question: What is the correct standard of review for an appellate court examining a district court's probable cause determination made upon issuing a search warrant? The court of appeals reviewed the determination de novo. Because we conclude that the court of appeals erred in conducting a de novo review, we reverse and remand to that court for application of the correct, deferential standard of review.

On March 1, 1999, police executed a search warrant at respondent Rick Allen Rochefort's residence and seized methamphetamine and various items used in the production of methamphetamine. In fact, all the products (or empty containers of those products) necessary to manufacture methamphetamine were discovered in the house. Based on the evidence seized that day, Rochefort was charged with three counts of first-degree controlled substance crime for the manufacture, possession, and sale of methamphetamine. *See* Minn.Stat. § 152.021, subds. 1(1) (sale), 2(1) (possession), and 2a (manufacture) (2000).

Rochefort filed a pretrial motion to suppress all evidence seized during the March 1 search. Rochefort argued to the district court that the warrant was not supported by probable cause. The court disagreed with Rochefort and denied his motion to suppress. After a three-day jury trial, Rochefort was found guilty of all three charges against him. He was sentenced to 98 months in prison.

Rochefort appealed his conviction to the court of appeals. He argued, among other things, that the affidavit submitted in support of the application for the search warrant did not provide a substantial basis for the issuing court's probable cause determination. More specifically, he argued that the affidavit relied on various informants without establishing their reliability, that the information in the warrant application was stale, and that the primary allegation the district court relied on in issuing the warrant—two purchases of iodine crystals, a precursor for the manufacture of methamphetamine—was not sufficient to find probable cause.

The court of appeals agreed with Rochefort that the warrant was not supported by probable cause. *State v. Rochefort*, 619 N.W.2d 564, 567 (Minn.App.2000). In reaching this conclusion, the court explained its standard of review as follows:

The United States and the Minnesota constitutions provide that warrants must be supported by probable cause. *See* U.S. Const.Amend. IV; Minn. Const. Art. I, § 10; *State v. Bradford,* 618 N.W.2d 782 (Minn.2000). Appellate courts give great deference to the factual findings of the court issuing a warrant and will reverse "only if clearly erroneous." *Bradford,* 618 N.W.2d 782 (citation omitted). An appellate court *reviews a probable cause determination de novo* and analyzes whether "there was a substantial basis to conclude that probable cause existed." *Id.* (citation omitted).

A search warrant may be issued if, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." In reviewing the sufficiency of an affidavit under the totality of the circumstances test, courts must be careful to avoid reviewing each component of the affidavit in isolation. Further, doubtful or marginal cases should be largely determined by the deference to be accorded to warrants.

*Rochefort,* 619 N.W.2d at 566 (emphasis added) (citations omitted). The court of appeals' use of the de novo standard is the primary basis of the state's argument to this court. The state contends that the court of appeals erred in conducting a de novo review, rather than a deferential review, of the probable cause determination made by the district court when it issued the warrant.

■■ We have repeatedly held that, when reviewing a district court's probable cause determination made in connection with the issuance of a search warrant, an appellate court should afford the district court's determination great deference. *E.g., State v. Harris,* 589 N.W.2d 782, 787 (Minn.1999); *State v. Souto,* 578 N.W.2d 744, 747 (Minn.1998); *State v. Zanter,* 535 N.W.2d 624, 633 (Minn.1995); *State v. Wiley,* 366 N.W.2d 265, 268 (Minn.1985). An appellate court reviews a district court's decision to issue a warrant only to consider whether the issuing judge had a substantial basis for concluding that probable cause existed. *Souto,* 578 N.W.2d at 747. This standard of review is consistent with the standard used by the United States Supreme Court:

> [W]e have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit [submitted in support of a search warrant application] should *not* take the form of de novo review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. A grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant * * *.

*Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (emphasis added) (internal quotation marks and citations omitted). Therefore, to the extent that the court of appeals applied a de novo standard of review in this case, we reverse.[1]

■■ Our deferential standard of review for probable cause determinations made in connection with issuance of a search warrant must not be confused with

---

1. The court of appeals cited *State v. Bradford,* 618 N.W.2d 782 (Minn.2000), as support for the proposition that an appellate court reviews de novo probable cause determinations made in connection with issuance of a warrant. *Rochefort,* 619 N.W.2d at 566. In *Bradford,* as in this case, we considered whether the district court erred in concluding that the police affidavit submitted in support of the warrant application was sufficient to support a probable cause determination.

the standard we apply when reviewing probable cause determinations made by police for warrantless searches. Unlike cases involving searches conducted pursuant to a warrant, we do conduct a de novo review of probable cause determinations made in connection with *warrantless* searches. *In re Welfare of G.M.*, 560 N.W.2d 687, 690 (Minn.1997) ("This court will review de novo a trial court's determination of reasonable suspicion as it relates to *Terry* * * * stops and probable cause as it relates to warrantless searches." (footnote omitted)). This standard is, again, consistent with that enunciated by the Supreme Court. *Ornelas v. United States*, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) ("We hold that the ultimate questions of reasonable suspicion and probable cause to make a warrantless search should be reviewed de novo.").

■ There are strong policy reasons for maintaining different standards of review for searches conducted pursuant to a warrant and for warrantless searches. As the Court in *Ornelas* emphasized, "[t]he Fourth Amendment demonstrates a strong preference for searches conducted pursuant to [the authority of] a warrant." 517 U.S. at 699, 116 S.Ct. 1657 (internal quotation marks omitted); *see Massachusetts v. Upton*, 466 U.S. 727, 733, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984) ("A deferential standard of review is appropriate to further the Fourth Amendment's strong prefer-

ence for searches conducted pursuant to a warrant."). The main purpose of the warrant requirement "is the interposition of a judicial officer between a police officer and the object of his investigation. The design of this structure is to require an independent assessment of the inferences to be drawn from the available evidence and thereby to secure the people from unreasonable searches and seizures." *State v. Nolting*, 312 Minn. 449, 452, 254 N.W.2d 340, 343 (1977). To eliminate the distinction between the standards of review for warrant-based and warrantless searches would be to eliminate the incentive for police to obtain a warrant before conducting a search and thereby eliminate that safeguard against unreasonable searches and seizures. *Ornelas*, 517 U.S. at 699, 116 S.Ct. 1657.

Our opinion today merely reaffirms that the standard of review appropriate for an appellate court reviewing a district court's probable cause determination made upon issuing a warrant is the deferential, substantial basis standard. Accordingly, we remand this case to the court of appeals for application of the correct standard of review.

Reversed and remanded.

---

*Bradford*, 618 N.W.2d at 794. We articulated the standard of review as follows:

> Both the United States and Minnesota Constitutions protect individuals from unreasonable searches and seizures and provide that warrants must be supported by probable cause. * * * This court affords great deference to an issuing judge's findings of fact, which we will reverse only if clearly erroneous. *See State v. Lee*, 585 N.W.2d 378, 382–83 (Minn.1998) (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). But we review de novo the determination of proba-

ble cause. *See id.* On review, we determine whether there was a substantial basis to conclude that probable cause existed. *See State v. Zanter*, 535 N.W.2d 624, 633 (Minn.1995).

*Bradford*, 618 N.W.2d at 794. Because in *Bradford* we affirmed the district court's probable cause determination, that case is not affected by our decision today. Furthermore, from a review of that decision it is clear that a deferential review of the district court's probable cause determination was in fact conducted.