*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0338**

State of Minnesota,
Respondent,

vs.

Gene Charles Walters, Jr.,
Appellant.

**Filed February 2, 2015
Affirmed
Hooten, Judge**

Cass County District Court
File No. 11-CR-13-366

Lori Swanson, Attorney General, John D. Gross, Assistant Attorney General, St. Paul, Minnesota; and

Christopher J. Strandlie, Cass County Attorney, Walker, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

On appeal from his conviction of fifth-degree controlled substance possession, appellant argues that because the supporting affidavit failed to establish that the

cooperating individual was reliable, the district court erred when it determined that probable cause existed to support a search warrant. We affirm.

## FACTS

On January 11, 2013, an issuing judge signed a search warrant authorizing a search of the residence of appellant Gene Charles Walters, Jr. The information in the supporting affidavit as to drug sale activity at the Walters residence came from a "cooperating individual" and other knowledge of the affiant, Deputy Tony Cyr. The supporting affidavit provided in pertinent part:

> Your affiant has been part of a drug investigation into the activities of the suspect, Gene Charles Walters Jr. . . . Your affiant received information during the fall of 2012 that Walters was selling methamphetamine from his residence near the airport outside the City of Pine River.

> On 1-3-13 your affiant met with a cooperating individual who showed your affiant the residence . . . . That cooperating individual told your affiant that he had been present at the residence on more than one occasion when Walters had sold methamphetamine from the house and garage on the property. That cooperating individual also supplied information about other residences in the area, which are known to your affiant, as houses where other drug activity is known to be occurring based on intelligence information and prior drug activity by the occupants. Your affiant, during the same visit, told of a burglary that occurred and described the items taken. Officers from Crow Wing County went to that location and did find that the information provide[d] was correct.

> Your affiant, with the assistance of a [confidential reliable informant (CRI)], did purchase a quantity [o]f [m]ethamphetamine from [the Walters] residence . . . within the past 72 hours.

2

> Your affiant has knowledge of [a woman] residing at the residence. Approximately 3 weeks ago [this person] was transported to detention by your affiant for a positive test for the use of methamphetamine. [She] is also on probation for the possession of methamphetamine.
>
> As recently as the preceding week [the woman] was reported to your affiant[] to be residing back at the Walter[s] residence. [She] met with her probation agent on 1-7-13 and again tested positive for methamphetamine and was arrested on that offense.

Police executed the search warrant on January 18, 2013. Walters cooperated when police arrived by telling the officers where to find his methamphetamine supply. The officers discovered four small baggies inside his nightstand, one of which tested positive for one-tenth of a gram of methamphetamine.

Walters was charged with fifth-degree felony possession of a controlled substance. Walters moved to suppress the evidence obtained during execution of the search warrant for lack of probable cause, and his motion was denied by the district court. Walters agreed to a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 4,[1] and the district court found him guilty of fifth-degree possession of a controlled substance. This appeal followed.

**D E C I S I O N**

Walters argues that the district court erred by failing to suppress the evidence obtained by police in connection with the search warrant because the warrant was not

---

[1] The parties and the district court referred to this process as a *Lothenbach* stipulated-facts trial. However, the supreme court has indicated that *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980), has been superseded by rule 26.01, subd. 4. *State v. Diede*, 795 N.W.2d 836, 842 n.2 (Minn. 2011).

supported by probable cause. Search warrants must be supported by probable cause. U.S. Const. amend. IV; Minn. Const. art. I, § 10; Minn. Stat. § 626.08 (2012). Probable cause is established "if there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. Fort*, 768 N.W.2d 335, 342 (Minn. 2009) (quoting *State v. Wiley*, 366 N.W.2d 265, 268 (Minn. 1985)). In determining whether probable cause exists, the issuing judge examines the "totality of the circumstances," making a "practical, commonsense decision" based on "all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information." *State v. Zanter*, 535 N.W.2d 624, 633 (Minn. 1995) (quotations omitted).

"When determining whether a search warrant is supported by probable cause, we do not engage in a de novo review." *State v. McGrath*, 706 N.W.2d 532, 539 (Minn. App. 2005), *review denied* (Minn. Feb. 22, 2006). Instead, we are to "afford the district court's determination great deference," and only "consider whether the issuing judge had a substantial basis for concluding that probable cause existed." *State v. Rochefort*, 631 N.W.2d 802, 804 (Minn. 2001). We resolve "doubtful or marginal cases" in favor of the issued warrant. *State v. McCloskey*, 453 N.W.2d 700, 704 (Minn. 1990). But our deference to issuing judges is not "unlimited." *State v. Ward*, 580 N.W.2d 67, 70 (Minn. App. 1998). Our review is limited to the affidavit supporting the warrant which was relied upon by the issuing judge. *Novak v. State*, 349 N.W.2d 830, 831 (Minn. 1984). The supporting affidavit must contain sufficient facts to allow the issuing judge to "draw his own conclusion[] of whether probable cause exists," and reasonable inferences made

4

from the affidavit "must give rise to more than a mere suspicion." *Ward*, 580 N.W.2d at 71 (quotations omitted). We are "not to review each component of the affidavit in isolation," but instead "view them together" in examining the "totality of the circumstances" underlying the probable-cause determination. *McCloskey*, 453 N.W.2d at 703 (quotation omitted).

On appeal, the sole claim of Walters is that the affidavit did not sufficiently show the veracity or basis of knowledge for the cooperating individual's information. He first argues that applying the six-factor test identified in *Ward* to the affidavit shows that the cooperating individual's veracity was not established therein. *See* 580 N.W.2d at 71. When the person supplying hearsay information is confidential, but not anonymous, we have looked at six factors in determining his or her reliability and veracity:

> (1) a first-time citizen informant is presumably reliable; (2) an informant who has given reliable information in the past is likely also currently reliable; (3) an informant's reliability can be established if the police can corroborate the information; (4) the informant is presumably more reliable if the informant voluntarily comes forward; (5) in narcotics cases, "controlled purchase" is a term of art that indicates reliability; and (6) an informant is minimally more reliable if the informant makes a statement against the informant's interests.

*State v. Ross*, 676 N.W.2d 301, 304 (Minn. App. 2004) (citing *Ward*, 580 N.W.2d at 71).

As noted by Walters, most of these factors do not apply here. The affidavit gives no indication that the cooperating individual is a first-time citizen informant, voluntarily came forward, or provided information against his penal interest. However, these factors merely allow a magistrate to presume reliability if they are present and are not prerequisites to a finding of reliability. *Cf. McCloskey*, 453 N.W.2d at 703 ("The fact

5

that the informant here did not qualify as a citizen informant of presumed reliability does not mean that the informant was an informant of doubtful reliability from the criminal subculture.").

What the affidavit does contain is extensive corroboration of the information provided by the cooperating individual. The cooperating individual's information that he had witnessed Walters sell drugs at his residence was corroborated by several other pieces of information in the affidavit: the police already had reports of drug activity at that address, Deputy Cyr and a CRI purchased methamphetamine from the residence within 72 hours of filing the warrant application, and the deputy knew that another resident of the house had recently tested positive for methamphetamine use.

Walters argues that this corroboration is insufficient. He claims that the fact that another resident at his house tested positive for drugs corroborates only that person's drug use, not the fact that Walters sold drugs out of the house or that the cooperating individual had witnessed such. But we are "careful not to review each component of the affidavit in isolation" of the others. *State v. Holiday*, 749 N.W.2d 833, 839 (Minn. App. 2008) (quotation omitted). In light of the other information presented in the affidavit, the fact that a person who resides in the house uses methamphetamine further increases the likelihood that drugs would be found in the Walters residence.

Walters also disputes the reliability of the methamphetamine purchase by Deputy Cyr and a CRI, claiming that the affidavit did not establish the CRI's reliability or the reliability of the sale itself, which was not described as a "controlled purchase." But the CRI's reliability is not at issue here. This information is not hearsay from an informant;

6

Deputy Cyr attested, under oath, that he had recently purchased methamphetamine from the Walters residence "with the assistance of a CRI." The issue, then, is the reliability of Deputy Cyr, not of his CRI. Walters has failed to claim, either here or at the district court, that this statement by Deputy Cyr was false or misleading. *Cf. State v. Andersen*, 784 N.W.2d 320, 326–27 (Minn. 2010) (explaining the standard applied in determining whether warrants are void due to misrepresentations or omissions by affiants). While the affidavit could have given more detail, it establishes that Deputy Cyr recently bought methamphetamine from the Walters residence with the aid of a CRI, corroborating the cooperating individual's information that drugs were being sold there.

Moreover, corroboration of other details provided by the cooperating individual further bolsters his reliability. "Even corroboration of minor details lends credence to an informant's tip and is relevant to the probable-cause determination." *Holiday*, 749 N.W.2d at 841. The cooperating individual showed the Walters residence to Deputy Cyr, indicating that he knew the correct address of where Walters lived. We can also distinguish *State v. Albrecht*, in which the *only* details of an informant's tip corroborated by the police were easily ascertained public information: a home address and ownership of a truck. 465 N.W.2d 107, 109 (Minn. App. 1991). While the address of Walters was public knowledge, the fact that he was selling drugs was not.

The cooperating individual also provided other information unrelated to Walters that was confirmed by police and also was not public knowledge: the location of other

7

nearby drug houses and details of a Crow Wing County burglary.[2] "[A]n informant's reliability may be demonstrated where the informant has previously given police correct information, but the affidavit must explicitly state this to be the case." *Ward*, 580 N.W.2d at 71. The affidavit here explicitly states that officers found this information to be correct, again supporting the cooperating individual's veracity.

Due to the extensive corroboration of the fact that Walters was selling drugs from his home as well as other details of the cooperating individual's information, his challenge to the veracity of the cooperating individual is without merit.

Walters also challenges the cooperating individual's basis for knowing that Walters was selling drugs out of his home. "Recent personal observation of incriminating conduct has traditionally been the preferred basis for an informant's knowledge." *Wiley*, 366 N.W.2d at 269. This is the claimed basis of the cooperating individual's knowledge in this case—that he was at the home when drugs were sold from the house and garage. Walters argues that this personal observation is insufficient because the warrant affidavit does not establish when the cooperating individual witnessed drug sales at the Walters residence. If the cooperating individual had provided the only information in the warrant affidavit, his failure to specify when he witnessed drug sales may have rendered the information too stale to justify a finding of probable

---

[2] While Walters argues that the affidavit establishes that Deputy Cyr told the cooperating individual of this burglary, a common-sense interpretation of the affidavit is that Deputy Cyr was informed of this burglary by the cooperating individual and proceeded to verify that information. *See Rosillo v. State*, 278 N.W.2d 747, 748–49 (Minn. 1979) (noting that we interpret search warrant affidavits in a "common-sense and realistic manner" when conducting a probable-cause review).

cause.  *See State v. Souto*, 578 N.W.2d 744, 750 (Minn. 1998) ("The proof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." (quotation omitted)).  But the warrant affidavit also contained Deputy Cyr's statement that he had purchased methamphetamine from the home within 72 hours of the warrant application, and also indicated that another resident of the home had tested positive for methamphetamine a week earlier.  Any doubt as to whether the cooperating individual's information was too stale to be relied upon in finding probable cause was dispelled by corroborating information indicating that the drug sales were still occurring as recently as three days prior to the warrant's execution.

In sum, Walters has not shown that the information provided by the cooperating individual to Deputy Cyr was unreliable.  The information that Walters was selling drugs from his residence was substantially corroborated by other information in the warrant affidavit, including the recent purchase of methamphetamine by Deputy Cyr at the Walters residence.  In light of our deference to the issuing judge, *Rochefort*, 631 N.W.2d at 804, and preference for upholding warrants, *McCloskey*, 453 N.W.2d at 704, the totality of these circumstances gave the issuing judge a substantial basis to conclude that there was a "fair probability that contraband or evidence of a crime" would be found in the Walters residence.  *Fort*, 768 N.W.2d at 342 (quotation omitted).  Because Deputy Cyr's warrant affidavit provided a substantial basis for the issuing judge to find probable cause of methamphetamine sales at the Walters residence, the district court did not err in denying Walters' motion to suppress.

**Affirmed.**

9