*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0642**

State of Minnesota,
Respondent,

vs.

Robert James Fallin,
Appellant.

**Filed April 4, 2016**
**Affirmed**
**Johnson, Judge**

Olmsted County District Court
File No. 55-CR-14-1683

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Melissa Sheridan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

An Olmsted County jury found Robert James Fallin guilty of three drug-related offenses based on evidence that he possessed and sold methamphetamine. He argues that

the district court erred by denying his motion to suppress incriminating evidence found in a search of his cellular telephone. We affirm.

**FACTS**

In March 2014, police officers searched a home in Rochester pursuant to a warrant. The officers found methamphetamine, marijuana, drug paraphernalia, and drug-packaging materials in a basement bedroom of the home, which was locked with a deadbolt. Officers found Fallin in the bedroom with A.K., a known resident of the home. Officers seized, among other things, a cell phone that was found in Fallin's pocket, as well as several additional cell phones that were found in a car that Fallin had been driving, which was parked outside the home. In the search of Fallin's car, officers also found a digital scale, plastic baggies, syringes, glass pipes, and a torch head.

After the search of the home, a police investigator sought and obtained a warrant to search the data in Fallin's cell phones. The investigator's supporting affidavit mentioned Fallin's presence in a locked bedroom with controlled substances and drug-related items. The affidavit also stated that the investigator recently had performed a "controlled buy" of drugs at that home using cell-phone communications and that, in general, cell phones commonly are used to arrange drug deals. A district court judge approved the application and issued the warrant. A search of the data contained in Fallin's cell phones produced, among other things, text messages tending to prove that Fallin had engaged in the sale of methamphetamine.

The state charged Fallin with two offenses: (1) first-degree controlled substance crime, in violation of Minn. Stat. § 152.021, subd. 1(1) (2012), based on an allegation that

2

he sold methamphetamine and (2) first-degree controlled substance crime, in violation of Minn. Stat. § 152.021, subd. 2(a)(1) (2012), based on an allegation that he possessed methamphetamine. The state later amended the complaint to add a third charge: first-degree controlled substance crime, in violation of Minn. Stat. §§ 152.021, subd. 1(1), 609.05, subd. 1 (2012), based on an allegation that Fallin aided and abetted the sale of methamphetamine.

In August 2014, Fallin moved to suppress the evidence obtained in the search of the data in his cell phones. He first argued that the application for the search warrant was not supported by probable cause. He also argued that the application for the search warrant was mistaken in its statement of the specific location inside the bedroom where three bags of methamphetamine were found. *See Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676 (1978). With respect to the second part of his motion, the investigator who prepared the warrant application testified that he had misremembered the arrangement of furniture in the bedroom and, thus, misstated the location of the bags of methamphetamine. The state argued to the district court that the mistake in the warrant application was not reckless and not material and that the affidavit established probable cause with or without the false statement. The district court granted the second part of Fallin's motion by striking the false statement from the supporting affidavit but denied the first part of the motion on the ground that, even after the false statement was stricken, the warrant application contained probable cause to believe that Fallin had engaged in criminal activity.

The case was tried to a jury on three days in September and October 2014. Fallin did not testify but called one witness, who testified that she exchanged text messages with

Fallin the night before his arrest to arrange for the exchange of a small amount of marijuana but not methamphetamine. In closing arguments, Fallin's attorney urged the jury to find Fallin not guilty because he did not have knowledge of the methamphetamine found in A.K.'s bedroom and that the text messages showed that he merely shared a small amount of marijuana with a friend. The jury found Fallin guilty on all three counts. In January 2015, the district court imposed a sentence of 94 months of imprisonment on count 3. Fallin appeals.

## D E C I S I O N

### I. Motion to Suppress

Fallin argues that the district court erred by denying his motion to suppress evidence. Specifically, he argues that the search-warrant application did not establish probable cause for a search of the data in his cell phones because there was an insufficient nexus between his cell phone and the methamphetamine that was found in A.K.'s bedroom.

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10. "Probable cause exists if the judge issuing a warrant determines that 'there is a fair probability that contraband or evidence of a crime will be found.'" *State v. Yarbrough,* 841 N.W.2d 619, 622 (Minn. 2014) (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct.

4

2317, 2332 (1983)). Whether probable cause exists is a "practical, common-sense decision." *Id.* Furthermore:

> Probable cause not only requires that the evidence sought likely exists, but also that there is a fair probability that the evidence will be found at the specific site to be searched. A sufficient "nexus" must be established between the evidence sought and the place to be searched. However, direct observation of evidence of a crime at the place to be searched is not required. A nexus may be inferred from the totality of the circumstances. Among the circumstances the issuing judge . . . considers in determining whether there is probable cause to believe that the evidence sought will be found at a particular place are the type of crime, the nature of the items sought, the extent of the defendant's opportunity for concealment, and the normal inferences as to where the defendant would usually keep the items.

*Id.* at 622-23 (citations omitted). "[W]hen reviewing a district court's probable cause determination made in connection with the issuance of a search warrant, an appellate court should afford the district court's determination great deference" and should consider only "whether the issuing judge had a substantial basis for concluding that probable cause existed." *State v. Rochefort*, 631 N.W.2d 802, 804 (Minn. 2001).

In this case, the district court found that there was a nexus between Fallin's cell phones and the incriminating evidence found in the bedroom. The district court noted that Fallin was found inside the bedroom with the incriminating evidence while the door was locked with a deadbolt. On appeal, Fallin contends that police officers had no reason to draw a connection between his cell phones and the incriminating evidence, other than his presence in the room. Contrary to Fallin's contention, his presence establishes "a fair probability" that evidence of criminal activity will be found in a search of the data in his

5

cell phone, given "the totality of the circumstances." *See Yarbrough*, 841 N.W.2d at 622; *see also Maryland v. Pringle*, 540 U.S. 366, 373, 124 S. Ct. 795, 801 (2003) (holding that large amount of drugs in vehicle provided probable cause to believe any of three men in vehicle had committed crime). Fallin's presence in the bedroom with a significant quantity of incriminating evidence, as well as information that controlled substances recently had been purchased from the home after cell phones were used to facilitate the purchase, provided the issuing district court judge with "a substantial basis for concluding that probable cause existed," and we are required to give that determination "great deference." *See Rochefort*, 631 N.W.2d at 804. Thus, the district court did not err by denying Fallin's motion to suppress evidence.

## II. *Pro Se* Arguments

Fallin filed a 14-page *pro se* supplemental brief, which raises numerous issues. We interpret the brief to assert six discernable, discrete arguments for reversal.

First, Fallin argues that his conviction should be reversed because he was charged by complaint, rather than being indicted by a grand jury. He relies on a federal rule of criminal procedure, which states that crimes punishable by imprisonment of more than one year "must be prosecuted by an indictment." Fed. R. Crim. P. 7(a)(1)(B). But the Federal Rules of Criminal Procedure apply only in the federal courts. *See* Fed. R. Crim. P. 1(a). Fallin contends that the Minnesota Rules of Criminal Procedure are unconstitutional to the extent that they allow for the prosecution of a felony by complaint. *See* Minn. R. Crim. P. 17.01. He cites no legal authority for his constitutional argument. Fallin has not established legal error.

6

Second, Fallin argues that his conviction should be reversed on the ground that he received ineffective assistance of counsel at trial because his attorney did not call additional witnesses and did little cross-examination of the state's witnesses. To prevail on this claim, Fallin must establish that (1) "his counsel's representation 'fell below an objective standard of reasonableness'" and (2) "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)). Fallin has not provided enough information to satisfy his burden.

Third, Fallin argues that the district court erred by denying his pretrial motion to dismiss the charges for lack of probable cause. But Fallin's presence in a locked room with a large amount of drugs and drug-dealing paraphernalia, as well as the evidence found in his cell phones, was sufficient to establish probable cause. *See Pringle*, 540 U.S. at 373, 124 S. Ct. at 801.

Fourth, Fallin argues that his conviction should be reversed on the ground that the prosecutor committed misconduct by offering into evidence an audio-recording of a telephone call between Fallin and his sister while Fallin was in jail. The audio-recording was played for the jury, and a transcript was published to the jury, without objection. A prosecutor does not commit misconduct by introducing evidence that is admissible. *State v. Mosley*, 853 N.W.2d 789, 801 (Minn. 2014). Because Fallin has not established that the evidence is inadmissible, he cannot establish that there was an error, let alone a plain error affecting his substantial rights. *See State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998).

Fifth, Fallin argues that his conviction should be reversed on the ground that he was improperly arrested, that his cell phone was improperly seized, that statements were taken and used in violation of *Miranda*, that his car was improperly searched, and that the state failed to disclose exculpatory evidence. All of these arguments should have been presented to the district court in a pre-trial motion, but none was. *See State v. Pederson-Maxwell*, 619 N.W.2d 777, 780 (Minn. App. 2000) ("In order for constitutional challenges to the admission of evidence to be timely, objections to such evidence must be raised at the omnibus hearing.") Accordingly, the arguments are not reviewable on direct appeal.

Sixth and finally, Fallin argues that his conviction should be reversed on the ground that the evidence is insufficient to support the jury's verdict. We conclude that "the facts in the record and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *See State v. Salyers*, 858 N.W.2d 156, 160 (Minn. 2015) (quotations omitted).

Thus, Fallin is not entitled to relief on any of the issues raised in his *pro se* supplemental brief.

**Affirmed.**

8