This opinion will be unpublished and
 may not be cited except as provided by
 Minn. Stat. § 480A.08, subd. 3 (2014).

 STATE OF MINNESOTA
 IN COURT OF APPEALS
 A16-0107

 State of Minnesota,
 Respondent,

 vs.

 Jared S. O’Donnell,
 Appellant

 Filed December 19, 2016
 Affirmed
 Worke, Judge

 Dakota County District Court
 File No. 19HA-CR-14-1525

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney,
Hastings, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Charles F. Clippert, Special
Assistant Public Defender, St. Paul, Minnesota (for appellant)

 Considered and decided by Worke, Presiding Judge; Cleary, Chief Judge; and

Bratvold, Judge.

 UNPUBLISH ED OPINIO N

WORKE, Judge

 Appellant challenges his controlled-substance-possession conviction, arguing that

the district court erred by denying his motion to suppress evidence based on a deficient
search warrant and his request for a hearing to challenge the truthfulness of the search-

warrant application. We affirm.

 FACTS

 On August 8, 2013, an officer with the Dakota County Drug Task Force applied for

a search warrant to search appellant Jared S. O’Donnell, his home, and his vehicle for

methamphetamine, controlled substances, and items commonly used in drug trafficking.

 The officer asserted the following facts in the affidavit supporting the application to

establish probable cause for issuance of the warrant. First, on July 16, 2013, an officer

checked on a suspicious vehicle parked in front of a residence. O’Donnell was an occupant

in the vehicle that was registered to O’Donnell and parked in front of his residence. The

officer discovered approximately one-quarter ounce of suspected methamphetamine and a

glass pipe in the vehicle. Second, less than 72 hours before applying for the search warrant,

an officer collected the garbage left curbside at O’Donnell’s residence. The officer found

a pill container with a trace amount of a white crystal-like substance in the garbage. The

substance was tested with a narcotics identification kit (NIK), and it tested positive for the

presence of methamphetamine. Third, on June 27, 2013, O’Donnell was listed as a suspect

in a theft. Fourth, O’Donnell has prior convictions, including a 2008 controlled-substance-

possession conviction.

 On August 9, officers executed the search warrant. Officers found two plastic bags

containing a crystal substance. The contents of the bags were preliminarily tested and

indicated the presence of methamphetamine. The contents of one bag were later tested at

the Bureau of Criminal Apprehension. The substance was methamphetamine weighing

 2
6.855 grams. O’Donnell was charged with second-degree controlled-substance crime—

possession.

 O’Donnell challenged the probable cause supporting the search warrant and moved

to suppress the evidence seized. The district court denied O’Donnell’s motion, concluding

that the facts in the search-warrant application provided sufficient probable cause to

support the search warrant. The district court also denied O’Donnell’s request for a hearing

to challenge the truth and accuracy of the search-warrant affidavit. The district court

concluded that O’Donnell failed to establish that the officer made a misrepresentation of

material fact by stating that the substance found in O’Donnell’s garbage “tested positive

for the presence of methamphetamine” when the officer should have stated that the NIK

test was positive for the presence of a class of drugs, which includes methamphetamine.

 Following a stipulated-facts proceeding, pursuant to Minn. R. Crim. P. 26.01, subd.

4, the district court found O’Donnell guilty of second-degree controlled-substance crime—

possession. This appeal follows.

 DECISION

Probable cause

 A defendant may preserve a dispositive pretrial issue for appeal by, among other

things, “stipulat[ing] to the prosecution’s evidence in a trial to the court” and

“acknowledg[ing] that appellate review will be [only] of the pretrial issue.” Minn. R. Crim.

P. 26.01, subd. 4(a), (e), (f). O’Donnell challenges the district court’s pretrial ruling that

the search warrant was supported by probable cause.

 3
 The United States and Minnesota Constitutions provide that no warrant shall issue

without a showing of probable cause. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A

warrant is supported by probable cause if the totality of the circumstances show that there

is a “fair probability that contraband or evidence of a crime will be found in a particular

place.” State v. Fort, 768 N.W.2d 335, 342 (Minn. 2009) (quotation omitted).

 Appellate courts afford the district court “great deference” in reviewing its probable -

cause determination made in connection with the issuance of a search warrant. State v.

Rochefort, 631 N.W.2d 802, 804 (Minn. 2001). An appellate court considers only whether

the issuing judge had a substantial basis for concluding that probable cause supported the

warrant. Id. The substantial-basis determination is based on an examination of the totality

of the circumstances. State v. Holiday, 749 N.W.2d 833, 839 (Minn. App. 2008). This

inquiry is limited to the information in the affidavit supporting the warrant application.

State v. Souto, 578 N.W.2d 744, 747 (Minn. 1998).

 A reviewing court views the information in a search-warrant application in a

common-sense rather than hypertechnical fashion. State v. Ruoho, 685 N.W.2d 451, 456

(Minn. App. 2004), review denied (Minn. Nov. 16, 2004); see State v. Harris, 589 N.W.2d

782, 788 (Minn. 1999) (upholding probable cause for a warrant in part because “[c]ommon

sense permits an inference that [certain] documents would normally be found in a person’s

home”). An affidavit supporting a search-warrant application is to be viewed as a whole,

rather than examining each component in isolation. State v. Jenkins, 782 N.W.2d 211, 223

(Minn. 2010). And “resolution of doubtful or marginal cases should be largely determined

by the preference to be accorded warrants.” State v. Wiley, 366 N.W.2d 265, 268 (Minn.

 4
1985) (quotation omitted). In light of these principles, the search-warrant application and

its supporting affidavit provided the issuing judge with a substantial basis to find probable

cause to support the search warrant.

 The district court found that probable cause supported the search warrant because

the officer had knowledge that O’Donnell had recently been in possession of

methamphetamine, evidence of methamphetamine was found in the garbage outside of

O’Donnell’s residence, and O’Donnell has a prior controlled-substance-possession

conviction.

 The application provided that on July 16, 2013, less than one month prior to the

application, an officer found O’Donnell with suspected methamphetamine and a glass pipe

sitting in his vehicle in front of his residence. This set of circumstances established “a

direct connection . . . between the alleged crime and the particular place to be searched.”

See Souto, 578 N.W.2d at 747.

 The application also stated that less than 72 hours before police applied for the

search warrant, a pill container with a trace amount of a white crystal-like substance that

tested positive for the presence of methamphetamine was found in O’Donnell’s garbage.

“Contraband seized from a garbage search can provide an independent and substantial basis

for a probable-cause determination.” State v. McGrath, 706 N.W.2d 532, 543 (Minn. App.

2005), review denied (Minn. Feb. 22, 2006); see State v. Eggler, 372 N.W.2d 12, 14-15

(Minn. App. 1985) (stating that the test is whether discovery of a controlled substance

supports a reasonable expectation that more controlled substances or other evidence of

criminal activity will be found on the premises), review denied (Minn. Sept. 19, 1985).

 5
 The application provided that O’Donnell was a suspect in a recent theft report and

has prior convictions, including a controlled-substance-possession conviction. “A person’s

criminal record is among the circumstances a judge may consider when determining

whether probable cause exists for a search warrant.” State v. Carter, 697 N.W.2d 199, 205

(Minn. 2005); see United States v. Conley, 4 F.3d 1200, 1207 (3d Cir. 1993) (stating that

the use of prior convictions to aid in establishing probable cause is not only permissible,

but helpful, especially when the present matter involves the same criminal behavior as the

previous conviction), cited with approval in State v. Lieberg, 553 N.W.2d 51, 56 (Minn.

App. 1996).

 The district court had a substantial basis for concluding that probable cause

supported the warrant and properly denied O’Donnell’s motion to suppress the evidence

seized during the execution of the search warrant.

Accuracy of affidavit

 O’Donnell also argues that the district court erred by denying his request for a

hearing to challenge the officer’s sworn statement that the NIK test of the substance in the

pill bottle from O’Donnell’s garbage “tested positive for the presence of

methamphetamine.” O’Donnell claims that this statement was a material

misrepresentation that invalidated the search warrant because the NIK test showed only

that the substance was positive for the presence of a class of drugs, which includes

methamphetamine, but could have been something else.

 For a search warrant to be invalidated because of misstatements in the supporting

affidavit, a defendant must show that the officer deliberately or recklessly made false

 6
statements and that the statements were material to the probable-cause determination. State

v. Andersen, 784 N.W.2d 320, 327 (Minn. 2010) (citing Franks v. Delaware, 438 U.S. 154,

171-72, 98 S. Ct. 2674, 2684 (1978)). This court reviews for clear error a district court’s

finding as to whether a warrant affiant deliberately or recklessly made false statements. Id.

 To mandate an evidentiary hearing, the challenger’s attack
 must be more than conclusory and must be supported by more
 than a mere desire to cross-examine. There must be allegations
 of deliberate falsehood or of reckless disregard for the truth,
 and those allegations must be accompanied by an offer of
 proof. They should point out specifically the portion of the
 warrant affidavit that is claimed to be false; and they should be
 accompanied by a statement of supporting reasons. Affidavits
 or sworn or otherwise reliable statements of witnesses should
 be furnished, or their absence satisfactorily explained.
 Allegations of negligence or innocent mistake are insufficient.
 The deliberate falsity or reckless disregard whose
 impeachment is permitted today is only that of the affiant, not
 of any nongovernmental informant. Finally, if these
 requirements are met, and if, when material that is the subject
 of the alleged falsity or reckless disregard is set to one side,
 there remains sufficient content in the warrant affidavit to
 support a finding of probable cause, no hearing is required.

Franks, 438 U.S. at 171-72, 98 S. Ct. at 2684.

 In State v. Knoch, an officer used a NIK test to determine whether

methamphetamine was present on a pipe. 781 N.W.2d 170, 172-73 (Minn. App. 2010),

review denied (Minn. June 29, 2010). The pipe tested positive for trace amounts of

methamphetamine. Id. at 173. Knoch moved to dismiss a controlled-substance charge,

arguing that the test was insufficient to establish probable cause. Id. This court held that

“[i]n a prosecution for possession of a controlled substance, the state may . . . establish

 7
probable cause based on evidence of a positive field test of a substance alleged to be a

controlled substance, without evidence of a confirmatory test of the substance.” Id. at 180.

 The search-warrant application stated that the substance in the pill bottle was NIK

tested and tested positive for the presence of methamphetamine. Because a NIK test may

be used to establish probable cause in a criminal prosecution, it may also be used to

establish probable cause for a search warrant. Further, O’Donnell failed to show that the

statement was a deliberate or reckless false statement because he failed to make an offer of

proof establishing that the substance was something other than methamphetamine.

Moreover, the search-warrant application included additional facts supporting a finding of

probable cause—O’Donnell recently possessed methamphetamine and has a prior

possession conviction. See Franks, 438 U.S. at 171-72, 98 S. Ct. at 2684 (stating that no

hearing is required if there remains sufficient content in the affidavit to support a finding

of probable cause without consideration of the challenged statement). The district court

did not err by denying O’Donnell’s request for a hearing to challenge the truthfulness and

accuracy of the officer’s affidavit.

 Affirmed.

 8