**STATE of Minnesota, Appellant,**

**v.**

**Orlando ROSS, Respondent.**

**No. A03–1341.**

Court of Appeals of Minnesota.

March 23, 2004.

Mike Hatch, Attorney General, St. Paul, MN; James C. Backstrom, Dakota County Attorney, Kevin P. Shea, Assistant Dakota County Attorney, Hastings, MN, for appellant.

Robert D. Miller, Minneapolis, MN, for respondent.

Considered and decided by ANDERSON, Presiding Judge; STONEBURNER, Judge; and HUDSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Law-enforcement officers received a tip from a confidential, reliable informant (CRI) stating that a man named "O" would be arriving at a particular address in Apple Valley with crack cocaine. After the officers set up surveillance, the CRI called

and stated that O would be driving a rental car and described O's clothing in detail. Respondent, Orlando Ross, arrived at the appointed time, and the officers detained and searched him, finding crack cocaine. The district court found that there were insufficient indicia of the CRI's reliability to conclude that there was probable cause to search respondent and ordered the evidence suppressed and the charges dismissed. We reverse.

## FACTS

On May 30, 2003, Agent Jason Weishaar was contacted by a CRI. The CRI had previously provided accurate information resulting in successful arrests. The CRI stated that crack cocaine was going to be delivered to 7265 Upper 127th Street in Apple Valley, Minnesota, at 2:30 p.m. The CRI identified the deliveryman as "O" and provided O's license plate number; a vehicle registration check revealed that the license plate was registered to respondent.

Weishaar and other law-enforcement officers set up surveillance at the stated address. While the officers were waiting, the CRI contacted Weishaar again and informed him that O would instead be driving a maroon rental car and wearing a black golf hat and a blue shirt; the CRI also said that the drugs would be in the trunk of the car. Shortly after this, apparently around 2:30 p.m., respondent arrived at the scene in a maroon rental car wearing a black golf hat and a blue shirt. Respondent was detained and handcuffed and the trunk of the car was searched; the search yielded a number of respondent's personal items and two baggies of crack cocaine, one weighing 42.76 grams and the other weighing 18.77 grams. Respondent was arrested and charged with possession of a controlled substance in the first degree pursuant to Minn.Stat. § 152.021, subds. 2(1), 3(a) (2002).

The district court ordered suppression of the evidence and dismissal of the charges, reasoning that there was no evidence of the CRI's reliability or the CRI's basis of knowledge. This appeal followed.

## ISSUE

Did the district court clearly err in suppressing the evidence obtained during the warrantless search of respondent's car?

## ANALYSIS

When appealing from a pretrial suppression order, the state must show that the district court clearly erred and that the ruling has a critical impact on the case. *State v. Cook,* 610 N.W.2d 664, 666 (Minn.App.2000), *review denied* (Minn. July 25, 2000). This pretrial order has a critical impact because it resulted in the dismissal of the case. Thus, the only question for this court is whether the district court clearly erred.

Both the United States and the Minnesota constitutions protect citizens from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A search conducted without a search warrant is presumptively unreasonable and therefore unconstitutional. *State v. Munson,* 594 N.W.2d 128, 135 (Minn. 1999). One exception to this rule is that warrantless searches of automobiles are not unreasonable if supported by probable cause. *United States v. Ross,* 456 U.S. 798, 809, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982).

Probable cause means that there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Wiley,* 366 N.W.2d 265, 268 (Minn.1985) (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). Whether the information provided by a

confidential informant is sufficient to establish probable cause is determined by examining the totality of the circumstances, particularly "the credibility and veracity of the informant." *Munson,* 594 N.W.2d at 136. If a case is close, the lack of a warrant may weigh against finding probable cause. *Cook,* 610 N.W.2d at 667.

▆▆▆▆ There are six factors for determining the reliability of confidential, but not anonymous, informants: (1) a first-time citizen informant is presumably reliable; (2) an informant who has given reliable information in the past is likely also currently reliable; (3) an informant's reliability can be established if the police can corroborate the information; (4) the informant is presumably more reliable if the informant voluntarily comes forward; (5) in narcotics cases, "controlled purchase" is a term of art that indicates reliability; and (6) an informant is minimally more reliable if the informant makes a statement against the informant's interests. *State v. Ward,* 580 N.W.2d 67, 71 (Minn.App.1998). An informant's reliability is not enhanced if the informant merely gives information that is easily obtained. *State v. Albrecht,* 465 N.W.2d 107, 109 (Minn.App.1991). The second factor is fulfilled by a simple statement that the informant has been reliable in the past because "this language indicates that the informant had provided accurate information to the police in the past" and thus gives "the magistrate ... reason to credit the informant's story." *Wiley,* 366 N.W.2d at 269. There is no need for law-enforcement officers to provide specifics of the informant's past veracity. *Munson,* 594 N.W.2d at 136.

Here, the second and third factors are at issue and, according to appellant, provide the basis for a determination of probable cause. There is no warrant application and accompanying affidavit at issue; therefore, this court is to examine the totality of the circumstances. *Id.* The district court found that "there is no basis to characterize the informant as a confidential reliable informant" because the complaint provides "no specifics regarding any prior contacts between the police and the CRI that form an adequate conclusion that the informant is reliable."

But neither *Munson* nor *Wiley* require that specific details of the past veracity of the CRI be alleged, and thus the district court's conclusion that more information was necessary was incorrect. *Munson,* 594 N.W.2d at 136; *Wiley,* 366 N.W.2d at 269.

The district court also found that the basis of the CRI's knowledge was suspect because it could have been easily obtained from rumor. *See Albrecht,* 465 N.W.2d at 109 (stating that easily obtained information does not enhance an informant's credibility). But here the CRI provided detailed information concerning the color and type of the suspect's hat, the color of the suspect's shirt, the car the suspect would be driving, and the time and place of the suspect's arrival. This level of information far exceeds the easily obtainable information that was at issue in *Albrecht. See id.* (noting that police corroborated only the address of the defendant's home and his ownership of a pickup truck parked there).

Respondent argues that the fact that the CRI called law enforcement a second time to state that the suspect would be driving a different car than the one originally stated indicates that the CRI is unreliable. On the contrary, this correction enhances the CRI's reliability and refutes the district court's conclusion that the CRI was operating on rumor because it shows the CRI had very current information and was careful to update police.

Not only did the CRI appear to be operating from personal knowledge, but

the officers verified the CRI's information. The officers verified the time and place of arrival, the car, the hat, the shirt, and a given name that was consistent with the street name. Thus, because the police were able to verify many details of the informant's tip, the third factor leans heavily in favor of finding probable cause.

Respondent relies heavily on *State v. Cook* in support of the district court's suppression order. In *Cook*, a CRI provided a tip to law enforcement officers that the defendant was selling crack cocaine at a YMCA. 610 N.W.2d at 666. The CRI stated that there was crack cocaine in the defendant's waistband and gave a physical description of the defendant, the clothing the defendant was wearing, a description of the defendant's car including its license plate, and the defendant's name. *Id.* The officers verified that a person matching the description of the defendant and his car were at the YMCA and arrested him. *Id.* This court concluded that the police lacked probable cause to arrest the defendant. *Id.* at 669. The crux of our reasoning, though, was that the CRI "did not predict any future behavior" by the defendant; thus leading to a conclusion that the CRI had only passed along easily obtainable information and not inside information. *Id.*

Prior to *Cook*, the supreme court concluded that there was probable cause when a CRI stated that two defendants driving a green rental car would be at a specific address at a specific time and gave the names of the two defendants and police corroborated all of the details in the tip, including the identities of the occupants before searching the vehicle. *Munson*, 594 N.W.2d at 136. The supreme court stated, "[W]e hold that the corroborated details of the CRI's tip, together with the past reliability of the CRI, gave the police probable cause to believe that the [vehicle] was carrying illegal drugs and thus justified the search of the [vehicle] under the motor vehicle exception." *Id.* at 136–37.

Here, *Munson* is controlling because the CRI provided a detailed prediction of future behavior that was corroborated by police before the search. The key distinguishing characteristic for us in *Cook* was whether the CRI predicted future behavior. *Cook*, 610 N.W.2d at 669. That key element was lacking in *Cook* and led to a conclusion that there was not probable cause. But here there was information predicting future behavior by respondent, specifically that he would appear at a specified address at a specified time in a described vehicle, all of which was verified by law-enforcement prior to the search. Thus, *Cook* does not lead to a conclusion that there was not probable cause. The district court's order suppressing the seized evidence was in error and is reversed.

## DECISION

The district court clearly erred in suppressing the evidence found in respondent's rental vehicle.

**Reversed.**