*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1993**

State of Minnesota,
Respondent,

vs.

Leon Abb Barnes,
Appellant.

**Filed July 21, 2014
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-11-36279

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Mark V. Griffin, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Craig E. Cascarano, Minneapolis, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

After investigating a tip from a confidential reliable informant that appellant was selling drugs, police obtained a warrant to search an apartment in Brooklyn Park where a trained canine had alerted to the odor of narcotics. Officers executed the warrant and

learned from the resident that appellant stayed in an apartment across the hall. Appellant had a key to the neighboring apartment on his person when stopped by the police, and another canine alerted to the odor of narcotics at the neighboring apartment. Based on this information, the officers obtained a warrant to search appellant's apartment and found drugs, a scale, and cash. Appellant moved to exclude this evidence based on a lack of probable cause to support the search warrant. The district court denied his motion. Because there was a substantial basis that probable cause existed to support the second search warrant, we affirm.

## FACTS

This case involves a probable-cause challenge to a search warrant. Detective Brady Sweitzer of the Hennepin County Sheriff's Office applied for a warrant to search apartment 303 of a Brooklyn Park apartment complex. He included the following information in his affidavit supporting his application.

A confidential reliable informant (CRI) contacted Detective Sweitzer in October 2011 and told him that appellant Leon Barnes was in possession of firearms and attempting to sell cocaine. The CRI said that he had seen Barnes possessing cocaine in a dark blue Buick Century. The CRI had previously provided law enforcement with information regarding weapons trafficking and narcotics that led to successful seizures, arrests, and convictions.

Detective Sweitzer investigated the CRI's tip. He learned that Barnes owns a dark green or blue 2001 Buick Century. He also learned that Barnes has prior felony convictions for second-degree cocaine possession and first-degree aggravated robbery

2

and kidnapping and is required to register with the Minnesota Bureau of Criminal Apprehension as a level-one predatory offender. Detective Sweitzer showed the CRI a booking photo of Barnes, and the CRI correctly identified the person in the photo as Barnes. Officers conducted surveillance on Barnes. They observed Barnes driving his Buick Century and visiting an apartment complex in Brooklyn Park and apartment 304 on multiple occasions. The apartment complex's management reported seeing Barnes at the complex several times. At Detective Sweitzer's request, a sheriff's deputy directed Guinness, a certified narcotics-detection canine, to sniff the hallway and doors around apartment 304. Guinness immediately alerted to the odor of narcotics at the door of apartment 304.

Detective Sweitzer obtained a warrant to search apartment 304 and executed the search warrant at 4:00 p.m. on November 2, 2011. Upon entering the apartment, officers made contact with a female resident. The woman informed Detective Sweitzer that she recognized Barnes's booking photo. She stated that Barnes visits her apartment but actually stays across the hall in apartment 303. Detective Sweitzer's affidavit does not specify whether apartment 304 was searched or whether any evidence was found there.

The same day, Hennepin County Sheriff's deputies stopped Barnes while he was alone and driving his Buick Century. On Barnes's key ring was a key to apartment 303. Barnes did not deny having a key to apartment 303 but stated that he was not the only person with one. Detective Sweitzer ordered a dog sniff of the area around apartment 303. Grissom, another certified narcotics-detection canine, sniffed several doors along the hallway and immediately alerted to the odor of narcotics at the door to apartment 303.

3

Based on this information, the district court judge determined that there was probable cause to issue a warrant and permitted the officers to search apartment 303. Detective Sweitzer executed the warrant at 6 p.m. and seized several items, including drug notes, a sealed bag containing what officers suspected was marijuana, a scale, a baggie containing what officers suspected was cocaine, a brown bag containing $867 cash, and $1,800 cash in a sock in a dresser drawer.

Barnes was charged with first-degree sale of a controlled substance in violation of Minn. Stat. § 152.021, subd. 1(1) (2010), fifth-degree sale of a controlled substance in violation of Minn. Stat. § 152.025, subd. 1(b)(1) (2010), and failure to register as a predatory offender in violation of Minn. Stat. § 243.166, subds. 1b, 5 (2010). He moved to suppress the evidence seized from apartment 303, arguing that there was a lack of probable cause to support the search warrant. The district court denied Barnes's suppression motion. Barnes and the state agreed to submit the case to the district court for a trial based on stipulated facts under Minn. R. Crim. P. 26.01, subd. 3. The district court found Barnes guilty of all three crimes. Barnes appeals.

## D E C I S I O N

Barnes argues that the district court erred by denying his suppression motion because there was a lack of probable cause to support the warrant to search apartment 303. Search warrants must be supported by probable cause. U.S. Const. amend. IV; Minn. Const. art. I, § 10; Minn. Stat. § 626.08 (2012). We review the district court's determination of probable cause to issue a search warrant to ensure that there is a substantial basis to conclude that probable cause existed. *State v. Harris*, 589 N.W.2d

4

782, 787–88 (Minn. 1999). A substantial basis in this context means "a fair probability," given the totality of the circumstances, "that contraband or evidence of a crime will be found in a particular place." *State v. Zanter*, 535 N.W.2d 624, 633 (Minn. 1995) (quotation omitted). We give "great deference" to a judge's probable-cause determination. *State v. Fort*, 768 N.W.2d 335, 342 (Minn. 2009) (quotation omitted). "We consider whether the information presented in the affidavits provided to support probable cause presents specific facts to establish a direct connection between the alleged criminal activity and the site to be searched." *Id.* (quotation omitted).

The district court judge issued a warrant to search apartment 303 based on the following information contained in Detective Sweitzer's affidavit supporting the warrant application: a CRI, who had provided reliable information previously, reported that Barnes was attempting to sell cocaine and in possession of a firearm; the CRI stated that he had seen Barnes with cocaine in a dark-colored Buick Century; Barnes owns a dark-colored Buick Century; Barnes has a prior conviction for second-degree cocaine possession; officers saw Barnes driving his Buick Century; officers saw Barnes visiting the apartment complex in Brooklyn Center "on multiple occasions" and entering apartment 304; the apartment complex's manager had seen Barnes at the complex several times; Guinness alerted to the odor of narcotics at the door of apartment 304; the resident of apartment 304 recognized Barnes's picture and told officers that Barnes visits her apartment but stays in apartment 303; Barnes was stopped in his Buick Century with a key to apartment 303; and Grissom alerted to the odor of narcotics at the door of

5

apartment 303. Based on this information, we conclude that the affidavit contains specific facts connecting alleged criminal activity with Barnes's apartment.

Nonetheless, Barnes argues that these facts were insufficient to support a finding of probable cause for the search warrant. He picks out individual pieces of evidence and questions their reliability. But probable cause is based on the *totality* of the circumstances as set forth in the affidavit supporting the issuance of a search warrant. *Zanter*, 535 N.W.2d at 633. Courts "must be careful not to review each component of the affidavit in isolation." *State v. Jenkins*, 782 N.W.2d 211, 223 (Minn. 2010) (quotation admitted).

Even if we consider Barnes's piecemeal attack of the affidavit, his arguments are unconvincing. Barnes complains that the search warrant affidavit did not include the date on which the CRI provided the tip. But the affidavit states that the CRI gave the tip "[i]n October 2011", which was only a few weeks prior to the execution of the search warrant. Barnes also argues that the information provided by the resident of apartment 304 "simply cannot be regarded as credible" because the neighbor is a citizen, not an informant. He gives no support for his position, and caselaw says otherwise. *See State v. Ross*, 676 N.W.2d 301, 304 (Minn. App. 2004) ("[A] first-time citizen informant is presumably reliable."). Barnes further contends that police failed to sufficiently corroborate the CRI's information. He acknowledges that the officers confirmed the CRI's statements about his vehicle and residence but argues that "[c]orroboration of these minor facts do not establish the credibility of the information provided by the informant."

Again, Barnes provides no support for this assertion. He also inaccurately downplays the police's investigation and surveillance of him and the apartment complex.

Barnes finally insists that the second dog sniff is unreliable. For support, he asserts that the first canine wrongly reacted to apartment 304 because "no narcotics or any contraband" was found inside that apartment and that there is "no other plausible explanation" for the first dog's reaction other than that dog sniffs are less accurate than law enforcement claims. But our consideration is limited to the information presented in the affidavit in support of the search warrant, *State v. Souto*, 578 N.W.2d 744, 747 (Minn. 1998), and Detective Sweitzer's affidavit says nothing about the search of apartment 304 besides his conversation with the resident. We do not know from the affidavit whether the officers searched for contraband there after discovering that Barnes stayed across the hall. Barnes's suggestion that the first dog was wrong is purely speculative. And even if we agreed with Barnes, he does not explain why the first dog's error invalidates the second dog's sniff. His position would mean that all dog sniffs are unreliable just because one turned out to be wrong.

In sum, Barnes fails to convincingly explain why the police lacked probable cause to search apartment 303. Detective Sweitzer's affidavit contained sufficient information to establish a direct connection between the alleged criminal activity and the apartment to be searched. Because there is a substantial basis that probable cause of contraband or evidence of crime would be found in apartment 303, the district court did not abuse its discretion by denying Barnes's suppression motion.

**Affirmed.**