*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1480**


State of Minnesota,
Respondent,

vs.

Travis Malik Galtney,
Appellant.


**Filed July 28, 2014
Affirmed
Halbrooks, Judge**


Ramsey County District Court
File No. 62-CR-11-10262

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, David W. Merchant, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Schellhas, Presiding Judge; Halbrooks, Judge; and

Toussaint, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HALBROOKS**, Judge

Appellant challenges his conviction of being a prohibited person in possession of a firearm, arguing that the district court erred by denying his motion to suppress evidence found in the warrantless search of a vehicle in which he was a passenger. Because we conclude that police had sufficient probable cause to justify the warrantless search of the vehicle, we affirm.

**FACTS**

Officer Thomas Weinzettel, a member of a multi-jurisdictional unit tasked with the investigation of violent crime and gang-related criminal activity, received information from a confidential informant (CI) that appellant Travis Malik Galtney had recently been involved in a drive-by shooting. On a separate occasion, a CI informed Officer Weinzettel that appellant had been seen in possession of a small-caliber handgun. Officer Weinzettel began investigating appellant. Through his research, the officer learned that appellant had an outstanding arrest warrant, that he was a confirmed gang member of the Lower Town Gangsters, and that he had a felony-level conviction and a conviction of being an ineligible person in possession of a firearm. The officer also obtained a police report of the drive-by shooting the CI alleged appellant was involved in. That police report listed appellant as a suspect. Officer Weinzettel contacted the St. Paul Police Department, informing them of appellant's criminal history and asking them to set up surveillance near appellant's residence.

2

On December 21, 2011, two St. Paul police officers waited in an unmarked police vehicle outside of appellant's apartment. The officers saw appellant leave his apartment and get into a vehicle on the passenger side. Eight to ten blocks from appellant's home police stopped the vehicle based on appellant's outstanding arrest warrant. Four other officers arrived soon thereafter. Once the vehicle stopped, the officers illuminated it with spotlights. Because of the information that Officer Weinzettel had provided, police decided to execute a "felony stop," which is considered a high-risk traffic stop. During a felony stop, police draw their weapons once the vehicle stops and command the occupants to walk backwards toward them.

The officers commanded appellant and the driver to raise their hands; both the driver and appellant initially complied. The driver was then instructed to exit the vehicle and walk backwards toward the officers. During this time, appellant dropped his hands out of the officers' view. One officer loudly ordered appellant "more than three or four" times to put his hands back up. Appellant ignored the officer's commands for approximately 20 to 30 seconds, after which he raised his hands again. Due to the officers' positioning, police then ordered appellant to crawl out of the driver's-side door. While exiting the vehicle, appellant "laid flat down onto the seats and completely went out of [the officers'] view for a few seconds before coming out onto the driver's side and showing his hands." Officers noted that this was "unusual." They believed that appellant's movements were consistent with him attempting to reach for or conceal a weapon or other contraband.

After both men were handcuffed and placed into squad cars, police searched the vehicle. While approaching the vehicle, one officer noticed that the vehicle's center console "was up a little bit" and looked loose, "like it had obviously been tampered with." While searching the vehicle, the officer lifted the center console and discovered a .22 caliber firearm. Appellant was subsequently charged with being an ineligible person in possession of a firearm.

Appellant filed a pretrial motion to suppress the evidence found in the vehicle, arguing that the gun was unlawfully obtained as the result of an unconstitutional search. Appellant did not challenge the stop of the car. The district court denied appellant's motion, finding that the search was lawful under the automobile exception to the warrant requirement. Appellant proceeded to a jury trial, where he was found guilty. This appeal follows.

## D E C I S I O N

In reviewing a district court's pretrial order on a motion to suppress evidence, we review factual findings to determine if they are clearly erroneous and legal determinations de novo. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009).

Both the Fourth Amendment to the United States Constitution and article I, section 10 of the Minnesota Constitution protect the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." A warrantless search is presumptively unreasonable under the Fourth Amendment unless it falls within one of the recognized exceptions to the warrant requirement. *State v. Milton*, 821 N.W.2d 789, 798 (Minn. 2012).

4

One exception to the warrant requirement is the automobile exception. Under this exception, police may conduct a warrantless search "[w]hen probable cause exists to believe that a vehicle contains contraband." *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). "Probable cause to search an automobile exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a reasonable man of reasonable caution in the belief that the automobile contains articles the officer is entitled to seize." *State v. Gallagher*, 275 N.W.2d 803, 806 (Minn. 1979). When reviewing whether police had probable cause to conduct a warrantless search, this court must look to the "totality of the circumstances." *State v. Johnson*, 689 N.W.2d 247, 251 (Minn. App. 2004).

Appellant argues that the information provided by the CI was not reliable and must be excluded from our totality-of-the-circumstances analysis. When used to establish probable cause, a court must examine the reliability of the information, including the credibility and veracity of the informant. *State v. Ross*, 676 N.W.2d 301, 303-04 (Minn. App. 2004). Here, the record does not contain any information regarding the CI's reliability. We therefore decline to consider the information provided by the CI in our probable-cause analysis. But even without the information provided by the CI, sufficient facts to establish that probable cause to search existed.

Considering the totality of the circumstances, we believe that a reasonable person of reasonable caution would have believed that a search of the vehicle appellant was a passenger in would have resulted in a discovery of evidence or contraband. Officer Weinzettel knew that appellant had been named as a suspect in a police report relating to

5

a recent drive-by shooting. And because of Officer Weinzettel's investigation, the officers who conducted the traffic stop had knowledge of appellant's criminal background. They knew that appellant had a warrant out for his arrest, that he had been convicted of a felony-level crime, and that he had previously been convicted of being an ineligible person in possession of a firearm. This knowledge supports a finding that the police had probable cause to believe that appellant would be possessing a firearm. *See State v. Lieberg*, 553 N.W.2d 51, 56 (Minn. App. 1996) (holding that while criminal history cannot, by itself, establish probable cause, it can be considered as one factor in the totality of relevant circumstances). Police also knew that appellant was a confirmed gang member of the Lower Town Gangsters. His gang affiliation similarly supports a finding of probable cause. *See United States v. Feliciano*, 45 F.3d 1070, 1074 (7th Cir. 1995).

In addition to the officers' knowledge of appellant's criminal background and gang affiliation, police observed appellant's furtive movements in the vehicle, suggesting that he was attempting to reach for or conceal contraband. *See State v. Munoz*, 385 N.W.2d 373, 376 (Minn. App. 1986) (holding that "[f]urtive gestures can provide a basis for probable cause"). Appellant first complied with the officers' order that he raise his hands above his head. He then dropped his hands out of sight, and despite an officer instructing him multiple times to raise his hands again, he kept them lowered for 20 to 30 seconds.

Appellant also exited the vehicle in a manner that police thought was "unusual." While exiting, appellant laid down flat on the front seats, completely out of the officers' view. During this time, appellant crossed the center console. The console was an

6

obvious place to hide contraband from the officers' plain view, and it was easily accessible to appellant from the passenger seat. Further, after appellant was taken into custody and before their search, police noticed that the center console "looked loose" like it "had obviously been tampered with."

Under the totality of these circumstances, police had sufficient probable cause to conduct a warrantless search of the vehicle. *See Flowers*, 734 N.W.2d at 249 (stating that probable cause may be found in cases where furtive movements were made in combination with other factors, such as cases where "officers may know that the defendant had a criminal record, they may be acting on a tip, or they may see or smell evidence of alcohol, drugs, or guns in the vehicle"). Because police had sufficient probable cause, appellant's Fourth Amendment rights were not violated, and the district court did not err by denying his motion to suppress evidence that was found in the vehicle.

Appellant also argues that the search of the vehicle was not valid under the search-incident-to-arrest exception to the warrant requirement. Because we conclude that the automobile exception justified the warrantless search of the vehicle, we do not reach that issue.

**Affirmed.**